UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **ROBERT LEE GASTON**<br>         **LA. DOC #97308**<br>**VS.** | **CIVIL ACTION NO. 3:13-cv-2952**<br><br>**SECTION P**<br><br>**JUDGE ROBERT G. JAMES** |
| **WARDEN JERRY GOODWIN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Robert Lee Gaston, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on October 28, 2013. Petitioner challenges his 1981 conviction for aggravated rape and the life sentence imposed by the Fourth Judicial District Court, Ouachita Parish, in the criminal prosecution assigned Docket Number 39,896. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that Claim 1 be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted and that Claim 2 be deemed **SUCCESSIVE** and that it be **DISMISSED** for lack of jurisdiction.

*Statement of the Case*

Petitioner was charged with aggravated rape in criminal proceedings assigned Docket Number 39,896 of the Fourth Judicial District Court, Ouachita Parish. He was found guilty as charged following a trial which ended on April 28, 1981; he was thereafter sentenced to serve life without benefit of parole. His conviction and sentence were affirmed on appeal to the Louisiana Supreme Court on April 5, 1982. *State of Louisiana v. Robert Lee Gaston*, 412 So.2d 574 (La.

1982).

Thereafter he unsuccessfully litigated post-conviction proceedings in the Louisiana courts. *See State of Louisiana ex rel. Robert Lee Gaston v. Bill C. Downey, Clerk of Court*, 423 So.2d 1175 (La. 1982); *State of Louisiana ex rel. Robert Lee Gaston v. Clerk of Court*, 520 So.2d 427 (La. 1988); *State of Louisiana v. Robert Lee Gaston*, 608 So.2d 163 (1992).

He filed a petition for writ of *habeas corpus* in this Court on January 11, 1993. His petition was dismissed without prejudice for failing to exhaust available State court remedies. *Robert Lee Gaston v. Warden*, No. 3:93-cv-0069.  Thereafter he returned to State court for unsuccessful rounds of State post-conviction relief. *State of Louisiana ex rel. Robert L. Gaston v. State of Louisiana*, 631 So.2d 439 (La. 1994).

On January 27, 1994, he filed another petition for writ of *habeas corpus* in this Court.  He argued two claims for relief – erroneous jury instructions and ineffective assistance of counsel. The petition was dismissed with prejudice on the merits on September 30, 1994. *Robert Lee Gaston v. Warden*, No. 3:94-cv-181.  He was granted a COA and appealed the denial of his *habeas* petition to the Fifth Circuit Court of Appeals. On October 24, 1995, the judgment of the District Court was affirmed, and thereafter his petition for rehearing was denied on December 22, 1995.  *Robert Lee Gaston v. John P. Whitley, Warden*, 67 F.3d 121 (5th Cir. 1995). His petition for *certiorari* was denied by the United States Supreme Court on June 24, 1996. *Robert Lee Gaston v. John P. Whitley, Warden*, 518 U.S. 1023, 116 S.Ct. 2561, 135 L.Ed.2d 1078 (1996).

He returned to the Louisiana courts once again seeking post-conviction relief. His efforts were again unsuccessful. *State of Louisiana ex rel. Robert Lee Gaston v. State of Louisiana*, 2001-0689 (La. 11/2/2001), 800 So.2d 873; *State of Louisiana ex rel. Robert Lee Gaston v. State*

*of Louisiana*, 2013-0858 (La. 10/4/2013), 122 So.3d 1015. The latter application was dismissed as untimely under Louisiana law.

He filed the instant petition on October 28, 2013, arguing (1) the Louisiana Courts erred in denying petitioner post-conviction review based on untimeliness; and, (2) petitioner was denied adequate assistance of post-conviction counsel.

### Law and Analysis

*1. Claim Two – Successive*

Title 28 U.S.C. §2244(b)(3)(A) provides, "Before a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." This is the third petition for *habeas corpus* filed by this petitioner. Claim Two of the petition attacks the same conviction and sentence which were the subject of the previous two petitions. "[A] prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re Cain*, 137 F.3d 234, 235 (5th Cir.1998). Although AEDPA does not set forth what constitutes a "second or successive" application, the Fifth Circuit has long held that "a later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Id. See also Crone v. Cockrell,* 324 F.3d 833.

Petitioner argues in Claim Two that he was denied effective assistance of post-conviction counsel. This claim could have been raised in his previous petition. Petitioner's first *habeas* petition was dismissed without prejudice; however, the merits of his second *habeas* petition were addressed and dismissed with prejudice. Therefore, this petition – insofar as it alleges ineffective

3

assistance of post-conviction counsel – is successive. Petitioner has not yet received permission from the Court of Appeals to file this successive claim in the District Court as required by the statute and therefore this Court lacks jurisdiction to consider this claim. Section 2244(b) divests this Court of jurisdiction to consider petitioner's successive *habeas* petition until such time as the Court of Appeals authorizes such a filing, and therefore, dismissal for lack of jurisdiction is appropriate.[1]

**2. Claim One – Post-conviction Error**

In Claim One petitioner attacks neither his conviction nor sentence. Instead, he seeks federal *habeas* review of the judgment of the Louisiana Supreme Court which rejected his last round of post-conviction litigation as untimely under Louisiana law. Notwithstanding the fact that this is his third petition for writ of *habeas corpus*, and notwithstanding the fact that at least one of his prior petitions was dismissed with prejudice on the merits, it does not appear that this claim is second or successive as that term is defined by the jurisprudence interpretative of 28 U.S.C. § 2244(b) because here petitioner seeks review of the State's post-conviction judgment denying his latest round of post-conviction litigation, a claim that arose after conviction and sentence. *See Leal Garcia v. Quarterman*, 573 F.3d 214, 222 (5th Cir.2009)("Later *habeas* petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the standards for authorization under § 2244. In contrast, later *habeas* petitions attacking distinct judgments, administration of an inmate's sentence, a defective *habeas*

---

[1] Further, even if this claim were not successive, dismissal would be appropriate since "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under Section 2254." Title 28 U.S.C. §2254(i).

proceeding itself, or some other species of legal error – when the error arises after the underlying conviction – tend to be deemed non-successive. In essence, if the purported defect existed, or the claim was ripe, at the time of the prior petition, the later petition is likely to be held successive even if the legal basis for the attack was not. If, however, the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive." (Footnotes and citations omitted))

Nevertheless, petitioner's claim that the Louisiana Supreme Court misapplied art. 930.8 in denying his latest round of post-conviction litigation is manifestly without merit and fails to state a claim for which relief may be granted for the following reasons.

First, it appears that this petitioner is arguing that the Louisiana Supreme Court misapplied Louisiana law. Such a claim is not cognizable in federal court. *Habeas corpus* relief, pursuant to either 28 U.S.C. § 2241 or § 2254 may be granted only to prisoners who are in custody in violation of the Constitution and laws of the United States; violations of state law are not sufficient to warrant federal *habeas corpus* relief. 28 U.S.C. §§ 2241 and 2254; *Engle v. Isaac*, 456 U.S. 107, 119, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1983); Compare *Hansbro v. Cain*, Civ. Action No. 04–2284, 2006 WL 3488729, at *7 (W.D.La. Oct. 20, 2006) (Hornsby, M.J.) ("This court is not concerned with whether the state courts properly applied Article 926.1 because federal *habeas* relief does not lie for errors of state law.") (adopted by Stagg, J., on Dec. 1, 2006), COA denied, No. 07–30007 (5th Cir. May 9, 2008).

Further, insofar as petitioner implies that this violation of Louisiana law amounts to the denial of a federally guaranteed Constitutional right – for example, rights guaranteed by the Due Process Clause of the Fourteenth Amendment – such argument is unavailing. Claims of alleged

errors in state post-conviction proceedings are not cognizable in federal *habeas corpus* proceedings. *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir.1995) ("An attack on a state *habeas* proceeding does not entitle the petitioner to *habeas* relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself.") (internal quotations omitted)); see also *Morris v. Cain*, 186 F.3d 581, 585 n. 6 (5th Cir.1999) ("... our circuit precedent makes abundantly clear that errors in state post-conviction proceedings will not, in and of themselves, entitle a petitioner to *federal habeas* relief. *See, e.g., Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir.1997) ('[I]nfirmities in state *habeas* proceedings do not constitute grounds for relief in federal court.'); ... Rather, we must find constitutional error at the trial or direct review level in order to issue the writ. We therefore reject Morris's contention that we should grant *habeas* relief because the state *habeas* court erred.")

Finally, it does not appear that the Louisiana Supreme Court erred when they determined that petitioner's latest post-conviction application was untimely. Petitioner, citing *Martinez v. Ryan*, --- U.S. ---, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), argued that his claim was "... based upon a final ruling of an appellate court establishing a theretofore unknown interpretation of constitutional law ... retroactively applicable to his case, and the petition is filed within one year of the finality of such ruling." C.Cr.P. art. 930.8(A)(2).

In *Martinez*, the Supreme Court held, "Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal *habeas* court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 132 S.Ct. at 1320. Current Fifth Circuit jurisprudence holds

that *Martinez* did not establish a new rule of constitutional law to be applied retroactively. *See Adams v. Thaler*, 679 F.3d 312, 322 n. 6 (5th Cir.2012) ("*Martinez* does not provide a basis for authorization under § 2244(b)(2)(A), as the Court's decision was an 'equitable ruling' that did not establish 'a new rule of constitutional law' "). Moreover, and contrary to petitioner's claim, *Martinez* did not recognize a new time-bar excuse but only a limited and equitable excuse for procedural default.

In short, while petitioner's first claim for relief is not successive, it is nevertheless without merit and fails to state a claim for which relief may be granted.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that Claim 1 be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted and that Claim 2 be deemed **SUCCESSIVE** and that it be **DISMISSED** for lack of jurisdiction.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or**

the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In chambers, Monroe, Louisiana, December 17, 2013.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE

**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**